# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** ) <br> 801 Market Street, Suite 1300 ) <br> Philadelphia, PA 19107 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CHAS. S. WINNER, INC. D/B/A WINNER** ) <br> **FORD OF CHERRY HILL D/B/A WINNER** ) <br> **FORD** ) <br> 250 Haddonfield-Berlin Rd. ) <br> Cherry Hill, NJ 08034 ) <br> ) <br> Defendant. ) | **CIVIL ACTION NO.** <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Ping Zhang and other Chinese Emergency Accessories and Installations ("EAI") Technicians. As alleged with greater particularity in paragraphs 10 and 11 below, Chas. S. Winner, Inc. d/b/a Winner Ford of Cherry Hill d/b/a Winner Ford violated Title VII by failing to compensate Chinese EAI Technicians at the same rate as it compensates similarly situated non-Chinese EAI Technicians for substantially similar work, because of their national origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3)

("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Chas. S. Winner, Inc. d/b/a Winner Ford of Cherry Hill d/b/a Winner Ford ("Defendant" or "Winner Ford"), has continuously been a New Jersey corporation doing business in the State of New Jersey and the township of Cherry Hill, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Ping Zhang filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On June 14, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 8, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least January 2011 Defendant has engaged in unlawful employment practices at its facility in Cherry Hill, New Jersey, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

    (a) Winner Ford established its Emergency Accessories and Installations ("EAI") Department in 1999 to service and install equipment, such as LED lighting, prisoner seating, push bumpers, computers, gun racks, video/audio recording machines and other equipment, in non-emergency vehicles to convert them into emergency response vehicles.

    (b) EAI Technicians perform installations in the EAI Department. As of March 2016, Winner Ford employed between 15-20 EAI Technicians.

    (c) All EAI Technicians uplift equipment from the same catalog of equipment into a generic range of vehicles. Installations are performed in the same service area at Winner Ford's Cherry Hill facility, wherein EAI Technicians work in bays using similar tools. As of early 2016, EAI Technicians were overseen by the same warehouse managers.

    (d) Zhang was hired by Winner Ford as an EAI Technician in its EAI Department in or about January 2011. After a short probationary period, Zhang became a permanent EAI Technician where he remains today.

    (e) Zhang is Chinese.

3

(f) Winner Ford does not rely on objective productivity standards for EAI Technicians and has never reprimanded or otherwise informed Zhang of performance issues.

(g) Winner Ford set Zhang's starting hourly rate at $9.

(h) Since the EAI Department's inception, Winner Ford has paid its non-Chinese EAI Technicians at least $12/hour to start, except for one EAI Technician from India who was paid a starting hourly wage of $11.

(i) Upon joining Defendant, Zhang had experience performing electrical work, whereas Defendant hired at higher hourly rates non-Chinese EAI Technicians with inferior or no electrical or auto body work experience.

(j) In or around January 2016, Zhang, who was earning an hourly rate of $12, learned that an American EAI Technician was hired in December 2015 at an hourly rate of $13. This American EAI Technician lacked any electrical experience or experience working in a body shop or doing installations.

(k) Zhang complained about the wage disparity to Defendant in or around January 2016. Thereafter, Defendant brought Zhang into a meeting with upper management, who cursed at him and threatened that if he sought legal advice he would be out of a job.

(l) Zhang's current hourly wage, with over five and half years of experience as an EAI Technician at Winner Ford, is approximately $12.25 whereas non-Chinese EAI Technicians with less tenure and often less experience, are paid an hourly rate of approximately $15 to $17.

(m) Since complaining of wage disparity, Winner Ford continues to pay Zhang less than non-Chinese EAI Technicians, often with less tenure and less experience, for performing substantially similar work in the EAI Department.

(n) These actions constitute discrimination against Zhang on the basis of national origin.

11. Since at least October 2010 Defendant has engaged in unlawful employment practices at its facility in Cherry Hill, New Jersey, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

(a) In addition to Zhang, between October 2010 and January 2011, Winner Ford hired seven other Chinese EAI Technicians to perform emergency vehicle installations in its EAI Department.

(b) All EAI Technicians uplift equipment from the same catalog of equipment into a generic range of vehicles. Installations are performed in the same service area at Winner Ford's Cherry Hill facility, wherein EAI Technicians work in bays using similar tools. As of early 2016, EAI Technicians were overseen by the same warehouse managers.

(c) Winner Ford does not rely on objective productivity standards and has never, upon information and belief, reprimanded or otherwise informed any of the Chinese EAI Technicians of performance issues.

(d) Winner Ford set the starting hourly wage rate of this class of Chinese EAI Technicians at $9.

(e) Since the EAI Department's inception, Winner Ford has paid its non-Chinese EAI Technicians starting hourly wages of at least $12, except for one EAI Technician from India who was paid a starting hourly wage of $11.

5

(f) As of March 2016, the hourly wages of six Chinese EAI Technicians, with over five and half years of experience as EAI Technicians at Winner Ford, were approximately $12 to $13 whereas the hourly wages of non-Chinese EAI Technicians with less tenure were upwards of approximately $15 to $17.

(g) Defendant pays three of its EAI Technicians a flat hourly rate with no overtime possibility. Of these three, one is Chinese and two are American. Defendant pays a lower flat rate to the Chinese EAI Technician that it pays to the two American EAI Technicians.

(h) Defendant continues to pay a class of Chinese EAI Technicians less than non-Chinese EAI Technicians for performing substantially similar work.

(i) These actions constitute discrimination against a class of Chinese EAI Technicians on the basis of national origin.

12. The effect of the practices complained of in paragraphs 10 and 11 above has been to deprive Zhang and a class of Chinese EAI Technicians of equal employment opportunities and otherwise adversely affect their status as employees, because of their national origin.

13. The unlawful employment practices complained of in paragraphs 10 and 11 above were and are intentional.

14. The unlawful employment practices complained of in paragraphs 10 and 11 above were and are done with malice or with reckless indifference to the federally protected rights of Zhang and a class of Chinese EAI Technicians.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Zhang and a class of Chinese EAI Technicians, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to eliminating discriminatory compensation practices towards Zhang and a class of Chinese EAI Technicians.

D. Order Defendant to make whole Zhang and a class of Chinese EAI Technicians by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 11 above, in amounts to be determined at trial.

E. Order Defendant to make whole Zhang and a class of Chinese EAI Technicians by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 11 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Zhang and a class of Chinese EAI Technicians punitive damages for its malicious and reckless conduct, as described in paragraphs 10 and 11 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

*Debra Lawrence /jlh*
DEBRA LAWRENCE
Regional Attorney

*Maria Luisa Morocco /jlh*
MARIA LUISA MOROCCO
Supervisory Trial Attorney

*Jennifer L. Hope*
JENNIFER L. HOPE
SENIOR TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2841 (phone)
(215) 440-2848 (fax)
jennifer.hope@eeoc.gov